69244. CAMPBELL v. CRUMPTON et al.
(326 SE2d 845)

CARLEY, Judge.

Appellee-plaintiffs initiated the instant property damage civil action against appellant-defendant. Following a jury trial, a verdict was returned in favor of appellees, and judgment was entered on the verdict. Appellant appeals.

1. Appellees assert in their brief that this court should dismiss the instant appeal because of appellant's failure to obtain a transcript in a timely manner in compliance with OCGA § 5-6-42. *"No appeal shall be dismissed by the appellate court* nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court; but the *trial court* may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party . . . ." (Emphasis supplied.) OCGA § 5-6-48 (c). "This court is without authority to dismiss any appeal because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time provided by law or order of court. [Cit.] The record shows no motion to dismiss in the trial court, and therefore, this appeal contains no ruling for consideration on appeal to this court." *Reed v. Arrington-Blount Ford, Inc.*, 148 Ga. App. 595, 596

(1) (252 SE2d 13) (1979).

2. Asserting that there was no evidence presented at trial as to the amount of damages sustained by appellees, appellant enumerates the general grounds as error.

Only a portion of the transcript of evidence was included as a part of the record on appeal. " '(W)here the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of [OCGA § 5-6-41 (f)]. [Cits.] When this is not done, there is nothing for the appellee court to review. [Cits.]' [Cit.] 'In the absence of a transcript we must assume as a matter of law that the evidence adduced at [trial] supported the [judgment below].' [Cit.]" *Smith v. State*, 160 Ga. App. 26, 27 (285 SE2d 749) (1981). Applying these principles to the case at bar, this court is unable to determine the merits of appellant's contention, as such determination requires a review of the entire transcript, and only a portion of the evidence adduced at trial was forwarded to this court. *Stefan Jewelers v. Berry*, 163 Ga. App. 626 (2) (295 SE2d 373) (1982); *Turner v. Watson*, 139 Ga. App. 648 (229 SE2d 126) (1976). Compare *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 14, 1985.

*Charles J. Vrono*, for appellant.
*Ross M. Goddard, Jr., William V. Hall, Jr.*, for appellees.