## A90A0975. PRATER v. BERTRAND.
### (397 SE2d 562)

POPE, Judge.

Plaintiff William Donald Prater brought this action against defendant Jay Aaron Bertrand for injuries sustained in an automobile accident which occurred while plaintiff was a passenger in an automobile driven by defendant. The jury awarded plaintiff damages for medical expenses and pain and suffering but plaintiff appeals, asserting the trial court committed certain errors. We affirm.

1. The trial court did not err in refusing to permit plaintiff's at-

torney to question defendant's witness, an adjuster for defendant's automobile insurance carrier, about her affiliation with the insurance company. Plaintiff argues this was an exception to the general rule against admitting evidence of liability insurance because he was entitled to impeach the witness' credibility by showing she was employed by defendant's insurance company. However, the record shows the witness was identified as a claims investigator working on behalf of the defendant. Thus the witness' affiliation with the defendant was adequately revealed to the jury. The trial court did not err in limiting cross-examination so as to exclude an unnecessary reference to liability insurance. See *Southeast Transport Corp. v. Hogan Livestock Co.*, 133 Ga. App. 825, 828 (3) (212 SE2d 638) (1975).

2. We reject plaintiff's argument that the claims investigator's testimony concerning admissions made by the plaintiff in a telephone conversation was inadmissible because a proper foundation was not laid concerning the identity of the person to whom the investigator was talking. Pursuant to plaintiff's direction, only a portion of the transcript was transmitted to this court. However, the comments of the trial judge in that portion of the transcript forwarded on appeal show the plaintiff admitted during his own testimony that he gave a statement to an investigator over the telephone. Although the admissibility of testimony relating to the contents of a telephone conversation requires the other party to the conversation to be identified by competent evidence, see *Cannady v. Lamb*, 146 Ga. App. 850 (1) (247 SE2d 500) (1978), one method of establishing identity is corroboration by that other party. See *Pope v. Associated Cab Co.*, 90 Ga. App. 560, 563 (3) (83 SE2d 310) (1954). The trial court did not err in admitting the claims investigator's testimony.

3. Finally, plaintiff argues the trial court erred in charging the jury on the defenses of contributory negligence and assumption of the risk. However, the testimony of only one witness was contained within that portion of the transcript forwarded on appeal. Where a determination of the merits of an enumeration of error requires a review of the entire transcript, and only a portion of the evidence at trial was forwarded on appeal, this court must affirm. See *Campbell v. Crumpton*, 173 Ga. App. 488 (2) (326 SE2d 845) (1985) and cases cited therein. We must assume the evidence as a whole created a jury issue as to plaintiff's contributory negligence and assumption of the risk and thus that the trial court did not err in charging the jury on these defenses.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED OCTOBER 5, 1990 — 

*Ronald F. Chalker, Jesse E. Barrow III*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Arthur L. Myers, Jr.*, for appellee.