### A92A0911. HICKS v. DOE.
(426 SE2d 174)

BIRDSONG, Presiding Judge.

Don Dennis Hicks appeals from a judgment, based upon the jury's verdict in favor of Hicks' insurance company, Southern General, in a "John Doe" uninsured motorist action under OCGA § 33-7-11. Hicks alleged a "John Doe" vehicle crossed over the centerline, struck his vehicle, and ran him off the road causing the damages he sought in this action. Because there was no corroborating eyewitness, Hicks relied upon proof of physical contact to establish his claim. See OCGA § 33-7-11 (b) (2).

Hicks alleges that the trial court erred by permitting Southern General to call a witness for purposes of cross-examination that he had listed as a "may call" witness in the pretrial order, by allowing Southern General to question this witness about insurance claims the witness had pending against Southern General, and by charging the jury on fraud and negligence when the evidence did not support such charges. *Held*:

1. Hicks' first enumeration of error contends the trial court erred by allowing Southern General to call and cross-examine a witness, Jeffers, about his role in perfecting and preparing Hicks' case and about Jeffers' uninsured motorist claims against Southern General. Hicks contends this was error because Jeffers was Southern General's witness and Southern General did not establish that Jeffers' cross-examination was authorized by OCGA § 24-9-81. Hicks contends a non-party witness may be called for cross-examination only if the person is one for whose immediate benefit the suit is prosecuted or defended, or the witness is an agent of a party or the agent of any person for whose immediate benefit the suit is prosecuted or defended, or the witness is an official or agent of a corporation when the corporation is a party or for whose benefit the suit is prosecuted or defended. Southern General, however, contends the cross-examination was authorized under OCGA § 24-9-63: "Leading questions are generally allowed only [on] cross-examination. However, the court may exercise discretion in granting the right to the party calling the witness and in refusing it to the opposite party when, from the conduct of the witness or other reason, justice shall require it."

Review of the record shows Jeffers was listed as a "may have present" witness on Hicks' witness list, and that Hicks did not call Jef-

fers as a witness. The record also shows, however, that one of Hicks' attorneys withdrew as counsel and testified about events that included Jeffers' participation. Further, the transcript shows Jeffers had important involvement in the case. He visited Hicks in the hospital shortly after the accident, recommended his attorney to Hicks, and Hicks promptly retained this attorney. Within days Jeffers visited the scene of the accident alone and took a roll of film of the scene that he gave to the attorney, but the film did not turn out. The next day, the attorney went to the scene with Jeffers and Jeffers showed the attorney certain tire tracks. Further, Jeffers showed the attorney broken glass and other debris on the road. Later, Jeffers accompanied the attorney to the location of Hicks' car and Jeffers "matched" the debris he found at the scene of the accident with a broken taillight on Hicks' car.

Southern General contends that because of Jeffers' relationship with Hicks and because of his involvement in the lawsuit, it was entitled to call him as a witness and cross-examine him about these events and about John Doe uninsured motorist claims he had made. While Jeffers' activities in this case and his relationship with Hicks do not fall neatly within OCGA § 24-9-81, trial courts are authorized to permit cross-examination of one's own witness "when, from the conduct of the witness or other reason, justice shall require it." OCGA § 24-9-63. Further, trial courts exercise wide discretion in the admission of evidence and in whether to allow leading questions (*Spencer v. State*, 260 Ga. 640, 646 (398 SE2d 179)), and reversible error only occurs when trial courts abuse that discretion to the extent that there is prejudice and injury. *Blue Cross of Ga. v. Whatley*, 180 Ga. App. 93, 96 (348 SE2d 459). Moreover, such an abuse of discretion will not constitute reversible error " 'unless palpably unfair and prejudicial to the complaining party.' [Cits.]" *Clary Appliance &c. Center v. Butler*, 139 Ga. App. 233, 235 (228 SE2d 211). Under the circumstances of this appeal, we find no abuse of discretion.

Jeffers played a key part in this case. He found items at the scene that Hicks later claimed were important to the case, and even matched those items to Hicks' car. The significance of this information is illustrated by the fact that one of his attorneys withdrew as counsel to testify about what Jeffers had done. Moreover, we find no evidence Hicks was prejudiced by allowing Jeffers' cross-examination.

2. Hicks also contends the trial court erred by allowing Southern General to examine Jeffers about his own John Doe uninsured motorist insurance claims because these claims were not relevant to Hicks' John Doe uninsured motorist claim against Southern General. See OCGA § 24-9-84. Questions concerning the admission of evidence are committed to the discretion of the trial court (*Kilpatrick v. Foster*, 185 Ga. App. 453, 457 (364 SE2d 588)), and unless the trial court has

abused its discretion, appellate courts will not interfere. *Palmer v. State*, 186 Ga. App. 892, 898-899 (369 SE2d 38). Considering the nature of Hicks' claim and Jeffers' claim with the role that Jeffers played in finding evidence in Hicks' case, the trial court did not abuse its discretion by allowing this testimony. Evidence about Jeffers' other claims was not directed only toward showing Jeffers' bad character, but to show his knowledge of the facts necessary to prove a claim of this nature in the absence of a corroborating eyewitness and the possibility that this evidence was "found" as part of a scheme to submit a fraudulent claim. Accordingly, we find no error.

3. Hicks also contends that the trial court erred by instructing the jury on fraud because fraud was not raised by the evidence. While this argument overlooks that Southern General's defense was based on the contention that Hicks' claim was fraudulent and part of a scheme developed by Jeffers and Hicks to defraud the insurance company, we need not address this contention because we find that Hicks waived any error by failing to object to this charge with sufficient particularity at the appropriate time. OCGA § 5-5-24 (a). Examination of the record shows that Hicks merely stated that he objected to the trial court giving a series of defense requested charges for the reasons stated earlier. Although not required to do so (*Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 733 (389 SE2d 251)), we have examined the likely places in the transcript for such an objection, and have not found an instance in which the basis for the objection to this charge is stated. Therefore, any error was waived.

4. Hicks' last enumeration of error contends that the trial court erred by charging the jury on the elements of a negligence claim. This argument ignores the relationship of negligence to an uninsured motorist claim. Hicks could only recover from Southern General under his uninsured motorist coverage if he could establish that the driver of the John Doe vehicle was negligent and that negligence caused Hicks' damages. Thus, considering the evidence of the possibility that this accident was the result of Hicks' medical condition as well as the evidence showing there was no contact with a John Doe vehicle, there was some evidence authorizing the charge. "[When] there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to that issue." *Fredericks v. State*, 172 Ga. App. 379, 380 (323 SE2d 265). Accordingly, there was no error in giving these charges.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 5, 1992 —
RECONSIDERATION DENIED DECEMBER 4, 1992

*Jack F. Witcher, Maryellen S. Mitchell*, for appellant.

*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer*, for appellee.