## A94A1224. HALL COUNTY BOARD OF TAX ASSESSORS v. PEACHTREE DOORS, INC.
### (448 SE2d 476)

ANDREWS, Judge.

Peachtree Doors, Inc. appealed to the Hall County Board of Equalization from the ad valorem tax assessment of the Hall County Board of Tax Assessors, which placed a value of $5,521,110 on machinery and equipment of Peachtree Doors for 1992. The Board of Equalization reduced the valuation by 11 percent. Pursuant to OCGA § 48-5-311 (f) (1), the Board of Tax Assessors sought to appeal the decision of the Board of Equalization to the Hall County Superior Court. Finding that the Board of Tax Assessors failed to comply with the appeals procedures set forth in OCGA § 48-5-311 (f) (1), the Superior Court granted Peachtree Doors' motion for summary judgment and dismissed the appeal. The Board of Tax Assessors appeals from the grant of summary judgment and dismissal of the appeal.

Under OCGA § 48-5-311 (f) (1), "the county board of tax assessors may appeal decisions of the county board of equalization to the superior court of the county in which the property lies. A county board of tax assessors may not appeal a decision of the county board of equalization changing an assessment by 15 percent or less unless the board of tax assessors gives the county governing authority a written notice of its intention to appeal and within ten days of receipt of the notice the county governing authority by majority vote does not prohibit the appeal. In the case of a joint city-county board of tax assessors, such notice shall be given to the city and county governing authorities, either of which may prohibit the appeal by majority vote within the allowed period of time."

It is undisputed that the appeal to Superior Court was from a Board of Equalization decision to change the tax assessment by 11 percent and that the Board of Tax Assessors properly notified the Hall County governing authority of its intention to appeal by giving timely written notice to the Hall County Board of Commissioners (County Commissioners). At no time did the County Commissioners take any action by majority vote to prohibit or approve the appeal. The Superior Court concluded that the "majority vote" language of OCGA § 48-5-311 (f) (1) required the County Commissioners to take action by majority vote to approve or prohibit the appeal and, because the County Commissioners took no such action approving the appeal, that the appeal must be dismissed.

OCGA § 48-5-311 (f) (1) does not require a county or city governing authority to vote to approve an appeal by the Board of Tax assessors. The plain meaning of the Code section is that the governing authority be notified of appeals by the Board of Tax Assessors from assessment changes of fifteen percent or less so that, within ten days

of receipt of such notice, the governing authority may choose to prohibit the appeal by majority vote. See *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981) (where the language of the statute is plain and unambiguous, and does not lead to contradictory, absurd, or wholly impracticable results, it is the sole evidence of legislative intent and must be construed according to its terms). Because the County Commissioners did not choose to prohibit the appeal by timely majority vote, the Superior Court erred by granting summary judgment in favor of Peachtree Doors and dismissing the appeal.

*Judgment reversed. Beasley, P. J., and Johnson, J., concur.*

DECIDED AUGUST 15, 1994 —
RECONSIDERATION DENIED SEPTEMBER 12, 1994

*Stewart, Melvin & House, Frank W. Armstrong III,* for appellant.

*Haynie & Litchfield, Douglas R. Haynie, Emilie K. Petrovich,* for appellee.