### A96A0757. SMITH v. MANGRAM.
(474 SE2d 758)

BLACKBURN, Judge.

James Smith appeals the trial court's order which granted Homer Mangram's motion for summary judgment. Smith brought the underlying action to recover for injuries he received while performing mechanical work on Mangram's truck.

Smith alleged that he was injured while changing out the transmission on Mangram's Ford pickup truck. He contends that Mangram modified the truck's transmission so that it would not remain in a parked position when placed in park and failed to warn him of the hazardous condition thereby created. However, Smith presented no evidence supporting his allegations that Mangram modified the transmission or that any such modification caused the truck to roll off the car ramps. In fact, the evidence in the record shows that Smith was in sole control of the truck, that he was aware of the potential danger of the truck rolling off the ramps and took precautions to avoid such danger, and that he had vast experience in performing automobile mechanical work.

Smith placed the front truck tires on two car ramps which were approximately eight to ten inches high. Prior to positioning himself under the truck, he made sure the truck was in park, the emergency brake was engaged, and he put either concrete blocks or two-by-fours behind the back wheels to prevent the truck from rolling off the ramps. Smith deposed that with the transmission out of the truck, it no longer had a parking gear. Therefore, he took precautions to prevent the truck from rolling backward. After Smith drained the transmission fluid, the truck rolled off the ramps and over his body.

Smith contends issues of fact remain as to Mangram's failure to warn him that the truck had a history of "jumping" out of gear.

Smith's contention is without merit. There is no evidence in the record that the truck rolled off the ramps because it "jumped" out of gear. Furthermore, Smith's admission that he had drained the transmission fluid from the truck before it rolled is the only evidence of proximate cause in the record.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In the present case, Smith's action fails because there is no evidence that his injuries were proximately caused by any action or failure to act on Mangram's part. As proximate cause is an essential element in a negligence claim, the trial court did not err in granting Mangram's motion for summary judgment.

Furthermore, defendant was also entitled to summary judgment based on the plaintiff's assumption of the risk. "The defense of assumption of the risk requires (1) that the plaintiff had some actual knowledge of the danger; (2) that he understood and appreciated the risk therefrom; and (3) that he voluntarily exposed himself to that risk. In its simplest and primary sense, assumption of risk means that the plaintiff, in advance, has given his consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or leave undone. In by far the greater number of cases, the consent to assume the risk has not been a matter of express agreement, but has been found to be implied from the conduct of the plaintiff under the circumstances. Although issues of negligence, lack of care in avoiding the negligence of others, lack of care for one's own safety, and assumption of the risk are ordinarily not susceptible to summary adjudication[,] where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion[,] the issue of assumption of risk may be determined on summary judgment." (Citations and punctuation omitted.) *Tennison v. Lowndes-Echols Assn. for Retarded Citizens*, 209 Ga. App. 343, 344 (433 SE2d 344) (1993).

In the present case, Smith's testimony makes it clear that he had actual knowledge that the truck could roll backward, especially after the transmission fluid was drained, that he understood this risk, that

he took action to prevent this risk, and that he voluntarily exposed himself to it. Therefore, the trial court properly granted Mangram's motion for summary judgment. See *Brown v. Southern Bell Tel. &c. Co.*, 209 Ga. App. 99, 101 (432 SE2d 675) (1993) (" '[a] person cannot undertake to do what is obviously a dangerous thing and at the same time avoid the responsibility for the self-assumed risk' ").

*Judgment affirmed. Beasley, C. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 22, 1996.

*Carl A. Veline, Jr.*, for appellant.
*Chambliss, Higdon & Carson, Jon C. Wolfe*, for appellee.