A96A2350. GOODMAN v. LAKE BUCKHORN ESTATES HOMEOWNERS ASSOCIATION, INC.
(481 SE2d 882)

RUFFIN, Judge.

Jesse Goodman appeals from the trial court's order directing him to remove his "modular" home from property in Lake Buckhorn Estates, a subdivision in Carroll County, Georgia. For reasons which follow, we affirm.

The record reveals that Goodman purchased land within Lake

Buckhorn Estates and began erecting a modular home on the property. Claiming that Goodman's home violated various restrictive covenants, bylaws, rules and regulations governing the subdivision, the Lake Buckhorn Estates Homeowners Association, Inc. ("the Association") sued Goodman, seeking removal of the home. The trial court granted a default judgment to the Association after Goodman failed to file a timely answer.

Goodman subsequently moved to vacate the default judgment. The trial court held a hearing on the motion, during which Goodman's attorney, as well as attorneys and representatives of the Association, appeared and presented testimony and argument. The trial court agreed to open the default and then proceeded to address the merits of the action. Goodman's attorney did not request a continuance or object to reaching the merits at that time. The parties and the court discussed the matter off the record, after which the trial court found in favor of the Association and ordered Goodman to remove his modular home within six months.

Through new counsel, Goodman filed a motion for new trial, claiming that the trial court had no evidence on which to base its decision, that he did not know the merits would be reached at the hearing, and that he possessed relevant evidence that should have been heard. The trial court denied Goodman's motion, and this appeal followed.

1. In its brief, the Association contends that Goodman's appeal is untimely and should be dismissed. Pursuant to OCGA § 5-6-38 (a), Goodman filed his notice of appeal within 30 days after entry of the trial court's order denying his motion for new trial. The Association argues, however, that Goodman's motion challenges only the trial court's legal conclusions and judgment, rather than factual issues or errors contributing to the verdict, and thus was not a proper "motion for new trial." According to the Association, Goodman should have filed his notice of appeal within 30 days after entry of judgment on the merits, which he failed to do. We disagree.

The trial court, sitting as factfinder, determined that Goodman violated the restrictive covenants governing the subdivision. Through his motion for new trial, Goodman questioned the factual basis for this conclusion and argued that the trial court had no evidence from which to make its ruling. We conclude that Goodman's motion challenged the determination of substantive facts by the factfinder and thus constituted a proper motion for new trial. See *Bank South Mortgage v. Starr*, 208 Ga. App. 19 (429 SE2d 700) (1993). Accordingly, we will reach the merits of this appeal.

2. In his first enumeration of error, Goodman claims that to the extent this case was settled during the hearing on the merits, the trial court should have obtained a written agreement executed by the

parties. We disagree.

The record reveals that the trial court ruled in the Association's favor on the merits: "[I] [f]ind in favor of the plaintiff, find that the defendant has violated the covenants written of the land." The attorneys for the parties and the trial court then agreed that Goodman should be afforded six months to remove the modular home. The trial court next stated on the record that Goodman would have six months to comply and ultimately memorialized this requirement in its written order.

To the extent this agreement regarding Goodman's deadline for compliance could be characterized as a "settlement," no additional writing is necessary. An agreement reached in open court need not be reduced to writing. *White v. Owens*, 172 Ga. App. 373 (323 SE2d 167) (1984). This enumeration is without merit.

3. In his second enumeration of error, Goodman argues that the trial court had no basis on which to find for the Association because it received no evidence at the hearing on the merits.

That portion of the hearing during which the parties and the court addressed the merits was not fully reported. As a result, we do not know what evidence was presented to the trial court. " 'The burden is on the party alleging error to show it affirmatively by the record. (Cits.)' [Cit.]" *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990). " 'Without a transcript of the evidence presented, we will in keeping with very old authority in this state presume in favor of public officers, in the absence of all proof to the contrary, that they discharged their duty in compliance with the law.' [Cits.]" Id. Accordingly, we presume that the evidence supported the trial court's ruling. Id.

4. In his final two enumerations of error, Goodman claims that the trial court erroneously reached the merits of the Association's complaint in his absence and without affording him the opportunity to present evidence. We find no merit in these enumerations.

Although Goodman apparently did not attend the hearing, his attorney neither objected to reaching the merits nor moved to continue the proceedings. Instead, Goodman's attorney agreed to address the merits following argument on the motion to vacate: "And I ask the Court to vacate this [default] judgment and set it aside and give him that opportunity. *And then I have no objection to the court hearing the permanent injunction or doing whatever you want to do about it.*" (Emphasis supplied.) Furthermore, through his prior written motion to vacate the default judgment, Goodman announced "ready for trial."

Goodman's absence from the proceedings, and his claim that he has evidence not presented below, do not require reversal. As we have previously found, where "counsel goes to trial without the pres-

ence of the defendant, but makes no motion for a continuance and does not suggest [his] desire to have [his] client present at the trial, it will not require the granting of a new trial. This is true even though the defendant contends he possesses evidence which would have brought the trial to a different conclusion." (Citations and punctuation omitted.) *Bembry v. Pugh*, 186 Ga. App. 144 (366 SE2d 812) (1988).

Rather than objecting or moving for a continuance, Goodman's attorney agreed to proceed on the merits. This agreement was consistent with Goodman's previous announcement in his motion to vacate the default that he was "ready for trial." Goodman cannot now complain about the result.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 20, 1997.

*Barry Staples*, for appellant.

*Smith & Diment, Dana G. Diment, Head, Head & Head, David C. Head, Hamilton, Westby, Marshall & Antonowich, David C. Marshall*, for appellee.