A96A2304. EVANS v. DEPARTMENT OF TRANSPORTATION.
(485 SE2d 243)

ANDREWS, Chief Judge.

This action arose as the result of an automobile accident in which 18-year-old Frances Evans was killed when she lost control of her car on a wet highway and collided with a tractor-trailer truck. Josephine Evans, Frances' mother, sued the Georgia Department of Transportation ("DOT"), claiming that it negligently failed to repair and maintain the highway where the accident occurred. A jury found the DOT was not negligent, and Evans appeals, bringing three enumerations of error. Because we find the trial court erred in transferring this case to Columbia County, we reverse.

1. In her first enumeration, Evans contends the trial court erred in transferring venue from Richmond County, where her daughter was hospitalized after the accident and later died, to Columbia County, where the accident occurred. The claim in this case was a wrongful death action under OCGA § 51-4-1 against the DOT. Accordingly, venue is governed by OCGA § 50-21-28 which provides: "All tort actions against the state under this article shall be brought in the state or superior court of the county wherein the loss occurred; provided, however, that, in any case in which an officer or employee of the state may be included as a defendant in his individual capacity, the action may be brought in the county of residence of such officer or employee. All actions against the state for losses sustained in any other state shall be brought in the county of residence of any officer or employee residing in this state upon whose actions or omissions the claim against the state is based."

Evans claims the loss in this case is the death of her daughter, which occurred in Richmond County. The DOT contends the loss occurred in Columbia County where the accident took place, noting that Evans filed suit in Columbia County for injuries received in the

accident and, therefore, in the interest of judicial economy, the wrongful death case also was properly tried there.

We need not speculate, however, as loss is clearly defined in the statute.[1] The term "loss" as used in the Tort Claims Act is defined in OCGA § 50-21-22 (3) as follows: " 'Loss' means personal injury; disease; death; damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease, or death; pain and suffering; mental anguish; and any other element of actual damages recoverable in actions for negligence." Accordingly, venue is proper where the death occurred, which is Richmond County.

"[W]here the language of the statute is plain and unambiguous, and does not lead to contradictory, absurd, or wholly impracticable results, it is the sole evidence of legislative intent and must be construed according to its terms." *Hall County Bd. of Tax Assessors v. Peachtree Doors*, 214 Ga. App. 613, 614 (448 SE2d 476) (1994), citing *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). Therefore, since Frances Evans died in Richmond County, venue in the wrongful death action was proper only in Richmond County, and the trial court erred in transferring the case to Columbia County.[2]

Because Evans' other enumerations of error are ones which may occur on re-trial, we will address them in this opinion.

2. Evans asserts as error the trial court's charge to the jury on the defense of assumption of the risk. "The defense of assumption of the risk requires (1) that the plaintiff had some actual knowledge of the danger; (2) that he understood and appreciated the risk therefrom; and (3) that he voluntarily exposed himself to that risk." *Smith v. Mangram*, 222 Ga. App. 585, 586 (474 SE2d 758) (1996).

"When there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to that issue." (Citation and punctuation omitted.) *Hicks v. Doe*, 206 Ga. App. 596, 598 (4) (426 SE2d 174) (1992). There was sufficient evidence

---

[1] Inexplicably, neither side argued this definitional section of the statute to the trial court or to this Court.

[2] We agree with the DOT that, under this venue provision, there may be instances when requiring the State to defend lawsuits arising out of the same occurrence in different counties will result in a waste of both State and judicial resources. Further, this literal interpretation of the statute could, in some cases, create problems in a personal injury action where there are various claims for damages, all equating to a "loss" as defined in the statute. For instance, losses arising from property damage, wrongful death, lost wages, funeral expenses, pain and suffering, and so on could all occur in separate counties, thus requiring the filing of myriad suits in multiple counties. Moreover, an estate's claim for funeral expenses could occur in one county while the claim for pain and suffering could arise in another, seemingly requiring a violation of OCGA § 9-2-5 (a) which prohibits the splitting of a cause of action. But, as that is not an issue in this case, and because the language in the statute is plain and unambiguous, we will construe it accordingly.

introduced at trial to support a jury charge on assumption of the risk.

Mrs. Evans testified that she was a passenger in the car her daughter Fran was driving on the afternoon in question. It was raining, and Fran was driving in the left-hand lane of Interstate 20, passing a van and a tractor-trailer. Mrs. Evans stated they must have hit a patch of water and Fran must have "tapped" the brakes because the car went out of control and slammed into the tractor-trailer. The truck driver testified that the Evans' car was in the left-hand lane, passed the van behind him, and then passed him, going "pretty fast," about 75 mph.

Mrs. Evans testified that her daughter was an excellent student, a responsible mature person, and an experienced driver. Accordingly, there was evidence that Fran Evans was aware of the danger associated with driving too fast on rainy roads, appreciated the risk of that danger and voluntarily assumed that risk.

In addition, the DOT points out that Evans did not submit the entire trial transcript on appeal, omitting other eyewitness testimony as to the car's speed and the weather conditions. "Where a determination of the merits of an enumeration of error requires a review of the entire transcript, and only a portion of the evidence at trial was forwarded on appeal, this court must affirm." *Prater v. Bertrand*, 197 Ga. App. 169, 170 (3) (397 SE2d 562) (1990).

3. Lastly, Evans argues the trial court erred in redacting a portion of an entry from a DOT engineer's job diary before allowing it to be admitted into evidence. Also, in the same enumeration, Evans contends the trial court erred in refusing to charge the definition of "admission." Alleging multiple errors in the same enumeration is a violation of OCGA § 5-6-40. Accordingly, this Court may, in its discretion, elect to review none, or one or more, of the errors asserted within the single enumeration. *Toledo v. State*, 216 Ga. App. 480, 482 (455 SE2d 595) (1995). In any event, as previously discussed, we are unable to address the failure to charge as we do not have the entire transcript before us on appeal. *Prater*, supra.

The other error complained of concerns an entry in the job diary of Ron Hutto, a DOT engineer who investigated the accident. During his investigation he wrote in his diary, "Major problem to be corrected." The court allowed into evidence the "major problem" portion of the record but redacted the "to be corrected." The court correctly determined this was inadmissible because it dealt with the issue of subsequent repairs. "Generally, evidence of subsequent repairs following an injury is not admissible on the trial of negligence cases, the usual purpose of such evidence being as a basis for drawing the inference that the defendant thereby impliedly admitted his realization of negligence. The reason for excluding such evidence lies in sound public policy that men should be encouraged to improve, or repair, and

not be deterred from it by the fear that if they do so their acts will be construed into an admission that they had been wrongdoers." (Citations and punctuation omitted.) *Studard v. Dept. of Transp.*, 219 Ga. App. 643, 644-645 (466 SE2d 236) (1995). We find no abuse of discretion in the trial court's decision not to admit this evidence.

*Judgment reversed and case remanded. Pope, P. J., and Smith, J., concur specially.*

POPE, Presiding Judge, concurring specially.

I fully concur with the majority opinion on the venue issue, but I cannot agree that the trial court properly disallowed evidence of the DOT engineer's notation in his diary that there was a major problem to be corrected. This was not evidence that subsequent repairs were made, and was not introduced to show that subsequent repairs were made. Rather, it was an admission, pure and simple, regarding the condition of the roadway. Compare *Studard v. Dept. of Transp.*, 219 Ga. App. 643, 644 (2) (466 SE2d 236) (1995) (evidence that DOT employee actually ordered remedial measures was properly excluded).

I am authorized to state that Judge Smith joins in this special concurrence.

DECIDED MARCH 19, 1997 —
RECONSIDERATION DENIED APRIL 4, 1997 — 
 Before Judge Hart.
*Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr., Gary C. Christy, David A. Forehand, Jr., Preyesh K. Maniklal,* for appellant.
*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, Eric A. Brewton, C. Latain Kell, Senior Assistant Attorneys General,* for appellee.