A01A2298. KMART CORPORATION et al. v. MERRIWEATHER et al.
(561 SE2d 181)

MILLER, Judge.

The appellants failed to include in the appellate record a portion of the evidence presented to the jury. Their enumerations of error all focus on the lack of evidence to sustain the jury verdict against them. Since a consideration of these enumerations requires a review of all evidence presented to the jury, we must affirm.

Accusing Robert Merriweather of shoplifting, Kmart Corporation and Willie Turner detained Robert and turned him over to police. Robert was eventually acquitted of the shoplifting charge. He and his wife then sued Kmart and Turner for various torts arising out of the incident, resulting in an aggregate jury verdict of $246,985.46 in favor of the Merriweathers on six of the counts. Kmart and Turner appeal, arguing that the evidence did not sustain a verdict on any of the torts and thus that the trial court should have

granted them judgment as a matter of law on their motions for a directed verdict and for judgment notwithstanding the verdict.

Kmart and Turner correctly cite the standard of review for the denial of a motion for directed verdict. They are required to show from the record that there was no conflict in the evidence as to any material issue and that the evidence introduced, with all reasonable deductions therefrom as construed in favor of the Merriweathers, demanded a defense verdict.[1] Our review necessarily would require a consideration of all the evidence presented to the jury.[2]

Here Kmart and Turner failed to include in the record two key portions of the Merriweathers' evidence. The Merriweathers read to the jury the testimony of Jeantoria Howard from the criminal shoplifting trial. The court reporter at the civil trial did not report that testimony, and it is not found in the appellate record. The Merriweathers then read in other portions of the criminal trial transcript, none of which — as per the agreement of the parties — was taken down by the civil reporter. Nor is this testimony found elsewhere in the record. Thus, the appellate record contains only a portion of the evidence presented to the jury.

The burden is on the appellant to show error by the record.[3] "Where a determination of the merits of an enumeration of error requires a review of the entire transcript, and only a portion of the evidence at trial was forwarded on appeal, this court must affirm."[4] "In such case, we must assume the judgment below was correct and affirm."[5]

Examples of affirmances resulting from such deficient records include (1) not fully reporting a portion of the evidentiary hearing that served as the basis for the court's ruling, which ruling was challenged by the appellant as not supported by the evidence,[6] (2) leaving out portions of the evidentiary transcript in an appeal challenging the sufficiency of the evidence,[7] (3) transmitting only one witness's testimony to the appellate court in an appeal challenging as unsupported by the evidence the giving of a jury charge,[8] and (4) failing to include in the appellate record physical evidence (or a photograph

---

[1] See OCGA § 9-11-50 (a); *Willis v. Love,* 232 Ga. App. 543, 544 (1) (502 SE2d 487) (1998).

[2] See *Willis Mining v. Noggle,* 235 Ga. App. 747, 751 (4) (509 SE2d 731) (1998).

[3] *Gary v. Weiner,* 233 Ga. App. 284, 285 (2) (503 SE2d 898) (1998).

[4] (Citation omitted.) *Prater v. Bertrand,* 197 Ga. App. 169, 170 (3) (397 SE2d 562) (1990); see *Carson v. Carson,* 226 Ga. App. 659, 660 (2) (487 SE2d 447) (1997).

[5] (Citations omitted.) *Spivey v. State,* 237 Ga. App. 626, 627 (1) (516 SE2d 332) (1999).

[6] *Goodman v. Lake Buckhorn Estates &c.,* 224 Ga. App. 765, 767 (3) (481 SE2d 882) (1997).

[7] *Campbell v. Crumpton,* 173 Ga. App. 488, 489 (2) (326 SE2d 845) (1985); see *Turner v. Watson,* 139 Ga. App. 648, 649 (229 SE2d 126) (1976).

[8] *Prater,* supra, 197 Ga. App. at 170 (3).

thereof) that may have made completely incredible the only testimony that could have served as the basis for the denied jury charge.[9] If Kmart and Turner desired to challenge the sufficiency of the evidence, they should have taken steps to ensure that all evidence was included in the appellate record.[10]

Since only a portion of the trial evidence was transmitted to this Court, we cannot consider the enumerations, all of which challenge the sufficiency of the evidence. We must affirm.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 22, 2002.

*Alston & Bird, James C. Grant, Nowell D. Berreth, Jeffrey J. Swart*, for appellants.

*Weinstock & Scavo, Michael Weinstock, John B. Levy*, for appellees.

---

[9] *Law v. State*, 121 Ga. App. 106, 108 (2) (173 SE2d 98) (1970).
[10] See *Bluain v. State*, 242 Ga. App. 125, 131 (4) (529 SE2d 155) (2000).