## 75738. TAYLOR v. CITIZENS BANK.
(365 SE2d 511)

BANKE, Presiding Judge.

Edward Taylor brought suit against The Citizens Bank to recover for injuries which he allegedly sustained when he slipped and fell on an icy sidewalk located on the bank's premises. He brings this appeal from a judgment entered on a jury verdict in favor of the bank.

The evidence showed that on the day in question two employees of the bank had cleared a mixture of snow and ice from the sidewalk,

which led to the bank's entrance from the parking lot. The appellant testified that he had successfully negotiated the sidewalk on his way into the bank but that upon his return to the parking lot he slipped and fell on a patch of ice which was not visible unless a person "stooped down" and viewed it from a particular angle. *Held*:

1. The appellant enumerates as error the trial court's charge on the doctrine of assumption of risk, contending that there was no evidence to suggest that he had been aware of the specific hazard which precipitated his fall. However, the appellant's own testimony at trial established that he had in fact been aware of the general presence of ice, snow, and slush on the ground and had also been aware of the freezing temperature. Consequently, we find this enumeration of error to be without merit. See *Telligman v. Monumental Properties*, 172 Ga. App. 783 (323 SE2d 888) (1984).

2. The appellant complains of the trial court's failure to give his requested charge concerning an owner's duty to invitees with respect to the removal of hazardous conditions. The record reflects that the jury was adequately instructed on the basic principles at issue. Consequently, this enumeration is also without merit.

3. In his third and fourth enumerations of error, the appellant contends that the verdict and judgment were contrary to the evidence. "The role of the appellate court is not to pass on the weight of the evidence but the sufficiency." *Bone Constr. Co. v. Lewis*, 148 Ga. App. 61, 62 (250 SE2d 851) (1978). As previously indicated, there was evidence that the appellant had been cognizant of the presence of ice and snow on the ground prior to his fall and that he had also been aware that the outside temperature was at or below freezing. Moreover, it was shown that the appellant had traversed the walkway in question upon entering the bank prior to his fall. The true ground of a proprietor's liability for an injury to an invitee resulting from the existence of a hazardous condition on the premises is his superior knowledge of the hazard. *Roberts v. Gardens Svcs.*, 182 Ga. App. 573 (356 SE2d 669) (1987). " 'An invitee is under an equal duty with the owner to use [his] sight to discover any defect or dangers.' " Id. at 574. The evidence in this case was amply sufficient to support a determination that the appellant's knowledge of the hazard was at least equal to that of the appellee. Consequently, the jury's verdict was not without evidentiary support.

*Judgment affirmed. Carley, and Benham, JJ., concur.*

DECIDED JANUARY 28, 1988.

*Charles W. Smith, Jr.*, for appellant.

*Weymon H. Forrester*, for appellee.