A98A0870. HENDERSON et al. v. LOWE'S HOME CENTERS, INC.
(507 SE2d 159)

JOHNSON, Presiding Judge.

Elaine and Kenneth Henderson filed a personal injury action against Lowe's Home Centers, Inc. for injuries sustained after Elaine Henderson tripped over a security cable outside a hardware store owned by Lowe's. A jury returned a verdict in favor of Lowe's. The Hendersons appeal from the judgment entered on the verdict.

The Hendersons contend the trial court erred by charging on assumption of risk because there was no evidence supporting such a defense. We disagree.

"Assumption of risk assumes that the actor, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not." (Citation and punctuation omitted.) *Mann v. Anderson*, 206 Ga. App. 760, 763 (2) (426 SE2d 583) (1992). "When there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to that issue." (Citation and punctuation omitted.) *Evans v. Dept. of Transp.*, 226 Ga. App. 74, 75 (2) (485 SE2d 243) (1997).

Viewed in a light most favorable to the verdict, the evidence shows that the Hendersons walked from their parked car toward the front of the store. It was raining, and the Hendersons had no umbrellas. Rather than walking through the parking lot to reach the store entrance, the Hendersons traveled along a covered area which ran adjacent to the store. The area near the entrance was being used to display lawnmowers, wheelbarrows, garbage cans and other merchandise. Shopping carts were stored near the merchandise. The Hendersons walked between the store wall and the rows of merchandise until they saw that their path was blocked by the shopping carts. They noticed that the carts were connected by a security cable. The Hendersons turned around and began walking back the way they came. They saw what they thought was an opening between a displayed lawnmower and a wheelbarrow. In fact, the lawnmower and wheelbarrow were connected by a security cable. Instead of walking around the displayed merchandise, they proceeded between the items. Elaine Henderson tripped and fell over the security cable. At trial she admitted that the security cable was plainly visible in a photograph taken of the scene by Kenneth Henderson on the day of the accident.

That Elaine Henderson did not see this particular security cable before she fell does not mean the charge on assumption of risk was given in error. In *Telligman v. Monumental Properties*, 172 Ga. App. 783 (1) (323 SE2d 888) (1984), we found no error in the trial court's charging the jury on assumption of risk where the plaintiff did not

see the particular patch of ice upon which she slipped but saw other patches of ice on the sidewalk, knew the temperature was "around freezing" and knew the area looked wet. Similarly, in *Taylor v. Citizens Bank*, 185 Ga. App. 667, 668 (1) (365 SE2d 511) (1988), we held that an assumption of risk charge was authorized where the plaintiff knew of the general presence of ice on the ground and of the freezing temperature, even though the patch of ice upon which the plaintiff slipped may not have been visible unless a person "stooped down" and viewed it from a particular angle.

Elaine Henderson was aware that cable was being used in the area to connect or secure Lowe's property. Yet she chose to take a shortcut through merchandise in the same area. The evidence in this case was sufficient to raise a jury question on the issue of assumption of risk. See *Mann*, supra; *Evans*, supra; see generally *Bloch v. Herman's Sporting Goods*, 208 Ga. App. 280, 281 (430 SE2d 86) (1993) (plaintiff assumed risk of slipping on ice by stepping into puddle of water knowing surrounding area was covered with ice); *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. 811, 813 (440 SE2d 545) (1994) (invitee who voluntarily departs from the route designated and maintained by the owner may assume the risk of hazards existent in the selected route); *Lea v. American Home Equities*, 210 Ga. App. 214, 215 (2) (435 SE2d 734) (1993) (plaintiff assumed risk of injury by voluntarily choosing a route upon which a known hazard exists).

The Supreme Court of Georgia's ruling in *Vaughn v. Pleasent*, 266 Ga. 862 (471 SE2d 866) (1996), does not require a contrary result. In *Vaughn*, a police officer sued a truck driver for injuries he suffered after the truck driver turned left in front of him without adequately signaling. The officer, who was en route to an emergency, had his siren and blue lights on and was speeding at the time of the collision. The Supreme Court held an assumption of risk charge was not authorized because there was no evidence that the officer had actual knowledge that the driver intended to turn left in front of him and then voluntarily continued to speed through the intersection. Here, however, there was evidence that Elaine Henderson knew Lowe's used cable in the area in such a manner as to secure its property and to block travel routes. Generally, whether a plaintiff assumed the risk of injury is an issue for the jury. See *Trustees of Trinity College v. Ferris*, 228 Ga. App. 476, 479 (3) (491 SE2d 909) (1997). There was no error in giving the charge.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 11, 1998 —
RECONSIDERATION DENIED SEPTEMBER 30, 1998 —

*Cannon & Meyer von Bremen, William E. Cannon, Jr., William H. Gregory II*, for appellants.
*Denney, Pease, Allison & Kirk, John W. Denney*, for appellee.