## A00A0556. KING v. ANGLIN et al.
(535 SE2d 535)

PHIPPS, Judge.

Charles N. King IV appeals the judgment for the defendants in his negligence suit against John Anglin and Baytree Marketing Services, Inc. The issue is whether the evidence supported the court's charge on assumption of the risk. We find that it did not, and therefore, we reverse.

In March 1992, King visited John and Sheila Anglin at a farm outside London, Kentucky. The morning after King's arrival, King and John Anglin undertook to clean a horse run-in shed in a barn. The shed was similar to but larger than a normal horse stall. It was open at one end and allowed horses to enter to obtain shelter.

---

[6] *Emory Univ.*, supra at 896-898 (1).
[7] Id. at 898.
[8] Rathkopf & Rathkopf, The Law of Zoning & Planning, § 38.07 [2].
[9] Id.

Using a shovel and a pitchfork, King and Anglin loaded manure into a van which belonged to Anglin's employer, Baytree Marketing Services. When they had a sizeable load, Anglin drove the van away, dumped the load and returned. This occurred several times.

After the two had loaded the van again, Anglin told King that he was going to move the van. King understood Anglin to mean that he was going to drive the van away and dump the load. King stood behind the van, facing it but looking over his shoulder at the work that remained to be done. Anglin started the van. King heard the van start but did not look toward it because he expected it to go forward. Instead the van traveled backward and knocked King to the ground. King suffered a fractured spine.

" 'When there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to that issue.' [Cit.]"[1] " 'Assumption of risk assumes that the actor, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not.' [Cit.]"[2]

> Knowledge of the risk is the watchword of assumption of risk, and means both actual and subjective knowledge on the plaintiff's part. The knowledge that a plaintiff who assumes a risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury. The knowledge requirement does not refer to a plaintiff's comprehension of general, non-specific risks that might be associated with such conditions or activities. . . . In its simplest and primary sense, assumption of the risk means that the plaintiff, in advance, has given his consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or leave undone.[3]

Here, there is no evidence that King knew that the van would be driven backward toward him or that he consented to relieve Anglin of a duty to exercise ordinary care in driving the van. Without such evidence, a charge on assumption of the risk was not proper.[4]

Although Anglin testified that he had had nothing to drink the

---

[1] *Evans v. Dept. of Transp.*, 226 Ga. App. 74, 75 (2) (485 SE2d 243) (1997).

[2] *Jimenez v. Morgan Drive Away*, 238 Ga. App. 638, 639 (1) (519 SE2d 722) (1999).

[3] (Citations, punctuation and emphasis omitted.) *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996).

[4] See id.; *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 824-825 (4) (409 SE2d 524) (1991).

morning of the incident, he argues that the charge was warranted because King stood behind the van in the tightly confined area of the run-in shed despite knowing that Anglin was under the influence of alcohol. But there is no evidence that King knew Anglin was intoxicated and chose to stand behind the van despite such knowledge. King testified that Anglin had been drinking alcohol before they began cleaning the run-in shed but also testified that he would not have stood behind the van if he had perceived Anglin to be intoxicated.

Anglin also argues that this case is analogous to *Henderson v. Lowe's Home Centers*.[5] There, a store patron was found to have assumed the risk of tripping over a cable that was used to block travel routes and to secure merchandise displayed outside the store. *Henderson* is distinguishable, however, because there was evidence that the patron knew the cables were being used in that manner before she attempted to walk between articles of merchandise outside the store.[6]

Because it was not authorized by the evidence, the charge on assumption of the risk was erroneous in this case, and we cannot say that it was harmless. "[T]he evidence did not demand a defendant's verdict, and the jury may well have returned that verdict because it erroneously believed that [King] was barred from recovery due to his assumption of the risk."[7] For these reasons, we reverse the judgment of the trial court.

*Judgment reversed. Johnson, C. J., and Mikell, J., concur.*

DECIDED JUNE 9, 2000 —
RECONSIDERATION DENIED JULY 25, 2000.

*Dreger & McClelland, Troy R. McClelland III, Nicholas J. Pieschel*, for appellant.

*Hall, Booth, Smith & Slover, Jack G. Slover, Jr., Sharon D. King, Robert S. Register*, for appellees.

---

[5] 234 Ga. App. 573 (507 SE2d 159) (1998).
[6] Id. at 573-574.
[7] *Vaughn*, 266 Ga. at 866.