[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12036
_____

D.C. Docket No. 1:15-cv-00080-LJA


MICHAEL NEWCOMB,
KATHY NEWCOMB,

                                        Plaintiffs - Appellants,

versus

SPRING CREEK COOLER INC,
SPRING CREEK PRODUCE LLC,
SF FARMS INC,
SF EXPORTS INC,
T & L FARMS INC, et al.,

                                        Defendants - Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 5, 2019)

Before MARCUS and BLACK, Circuit Judges, and RESTANI,[*] Judge.

MARCUS, Circuit Judge:

Michael Newcomb, a truck driver, was injured on the job while picking up a shipment of corn at Spring Creek's facility in Brinson, Georgia. While carrying a load from a storage cooler to Newcomb's trailer, a forklift operator employed by Spring Creek ran into Newcomb, who was standing on the loading dock by his truck. Newcomb suffered severe injuries to his head and is now disabled and unable to work. He and his wife filed suit against Spring Creek in federal court, invoking the court's diversity jurisdiction.

The district court granted summary judgment to Spring Creek, finding that Newcomb's knowledge of the hazard on the premises was equal to or greater than Spring Creek's and thus he had assumed the risk of the injury. We disagree. As we see it, the trial court has misapprehended controlling Georgia tort law which we are <u>Erie</u>-bound to follow. Newcomb traveled under two theories of liability in the district court -- premises liability and respondeat superior. The equal-or-superior-knowledge rule applies only to premises liability claims; the extent of Newcomb's prior knowledge of the hazard posed by the operation of the forklift, whatever that may have been, does not bar recovery from Spring Creek on the theory that it is

---

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

2

liable for its employees acts of negligence under the doctrine of respondeat superior.  And, if that rule does not apply, the assumption-of-risk defense cannot defeat Newcomb's negligence claim on summary judgment under Georgia law. We, therefore, reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

I.

Defendant Spring Creek Cooler, Inc., harvests and sells sweet corn.  Spring Creek harvests corn from the field, places it in crates, stacks the crates onto pallets, then transports the pallets in flatbed trucks to a separate facility where the corn is washed and doused with cool water.  The pallets of corn, after being cleaned and cooled, are stored in a large cooler measuring about 140 feet by 70 feet.  The final step in the process is transferring the pallets -- each of which contains about 2100 pounds of corn in 42 crates -- from the storage cooler to refrigerated trucks for distribution.

On June 20, 2013, Michael Newcomb drove his truck to Spring Creek's Brinson, Georgia, facility to pick up a load of corn.  After he parked his truck, he received documents explaining that he was "responsible for the count and condition of [the] load," an instruction that was also written on a sign taped to the office window.  Newcomb then opened the doors to his truck's trailer, backed it up to the loading dock, and prepared the trailer to be loaded.  As he waited for the

3

truck to be loaded, Newcomb bought a single crate of corn for himself at the office window.  After Newcomb placed the order, he was directed back out onto the loading dock where the crate was delivered by a worker.

Throughout the loading process, Newcomb remained on the dock near the trailer, so that he could count the crates and "pulp" the corn -- that is, take its temperature -- as it was being loaded.  Two signs were placed on the loading dock: one said, "Restricted Area -- Forklift in Operation," and the other read, "Employees Only Past This Point."  Newcomb said that he assumed the "restricted area" sign didn't apply to him -- since he was responsible for the count and condition of the load, he had to be present on the dock -- and he said that he didn't pass the "employees only" sign, which was posted outside an area where office work was performed.

Over the course of about an hour, a Spring Creek employee named Ronald Smalls transported pallets of corn from the cooler to the trailer via forklift, two pallets at a time.  Smalls drove the forklift forward with the pallets loaded in front of him, which at least partially blocked his visibility.  Each time, Smalls drove in a loop from the storage cooler across the warehouse floor, stopping short of Newcomb's trailer before lining up directly behind it to enter and unload the pallets in the truck.  Newcomb stood to the right of the trailer.  On the fifth trip to the trailer, Smalls did not stop or straighten out the forklift like he did the first four

4

times.  Instead he continued driving his forklift directly toward Newcomb, who remained on the loading dock.  When he realized Smalls was heading in his direction, Newcomb unsuccessfully attempted to evade the collision and was struck with the crates stacked on one of the pallets carried on the forklift.

Newcomb was thrown from the loading dock and his head hit a metal hinge on the corner of his trailer.  He suffered a fractured skull and a cerebral brain fluid leak, which required surgery.  Newcomb is now disabled and unable to work.

Michael and his wife Kathy Newcomb filed this lawsuit against Spring Creek and Smalls, the forklift operator, in the United States District Court for the Middle District of Georgia.[1]  Newcomb claimed that Smalls negligently struck him with the forklift and that Spring Creek was negligent in hiring, supervising, and retaining Smalls as a driver.  He asserted that Spring Creek was liable for Smalls' negligence under the doctrine of respondeat superior.  Newcomb also alleged that Spring Creek "was negligent in failing to protect invitees from the hazard posed by its forklift drivers and failing to keep the premises safe for invitees."  Newcomb asked for damages for medical expenses, lost wages, pain and suffering, and loss of consortium.

---

[1] Newcomb's complaint named ten other corporations and one other individual as defendants. The parties jointly moved to dismiss these defendants, which the district court granted, after determining that the forklift driver was working as an employee of only Spring Creek Cooler, Inc., when Newcomb was injured.

5

Spring Creek moved for summary judgment on both claims. The district court first granted the motion as to the negligent hiring and supervision claim. Spring Creek had admitted that the respondeat superior doctrine applied, and under Georgia law a negligent hiring claim is deemed duplicative of a respondeat superior negligence claim unless the plaintiff seeks punitive damages from the employer. See Mastec N. Am., Inc. v. Wilson, 755 S.E.2d 257, 259 (Ga. Ct. App. 2014). As for the simple negligence claim, the district court held that Newcomb "had as much, if not more, knowledge than Spring Creek and voluntarily remained in the path of the forklift," and therefore he had "assume[d] the risk and dangers incident to the known condition." Even taking the facts in the light most favorable to Newcomb, the court concluded that he "knew of the risk posed by the manner in which Smalls was driving the forklift" and he knew "at the time that Smalls' view was obstructed." His choice to remain on the loading dock therefore constituted assumption of the risk, and so Spring Creek was entitled to summary judgment.

This timely appeal followed.

## II.

On appeal, Newcomb argues that the district court erred in granting summary judgment on his negligence claim. We review a grant of summary judgment de novo, applying the same standard as the district court. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1236 (11th Cir. 2003). We must

"view all of the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." Liese v. Indian River Cnty. Hosp. Dist., 701 F.3d 334, 342 (11th Cir. 2012) (quotation omitted). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We are Erie-bound to apply Georgia's substantive law in this diversity action. See Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., Inc., 468 F.3d 1322, 1325 (11th Cir. 2006) (per curiam).

To decide the ultimate issue of whether the district court was correct to grant summary judgment, we are required to address a preliminary question: What is the appropriate body of Georgia tort law to apply to this case? Newcomb's negligence claim traveled on two distinct theories of liability. He claimed first that Spring Creek "was negligent in failing to protect invitees from the hazard posed by its forklift drivers and failing to keep the premises safe for invitees," and second that Spring Creek "is responsible for the conduct of [the forklift driver] under the doctrine of respondeat superior." Compl. ¶¶ 32, 35. Under controlling state law, these theories involve different duties owed to Newcomb and require different analyses. If this is viewed as a premises liability case, the scope of our review is narrow: the question is whether the district court was correct in determining that, viewing the facts in the light most favorable to Newcomb, he had knowledge equal

7

or superior to Spring Creek's regarding the hazard on the premises.  But if this is viewed as an instance of ordinary negligence that happens to have taken place on the defendant's premises, the equal-or-superior-knowledge rule simply would not apply.

Georgia's courts have plainly recognized the distinction "between negligence cases where a condition on the premises causes injury to someone and those where an employee's active negligence causes injury to someone."  Byrom v. Douglas Hosp., Inc., 792 S.E.2d 404, 408 (Ga. Ct. App. 2016); see also Lipham v. Federated Dep't Stores, Inc., 440 S.E.2d 193, 194 (Ga. 1994).  The former set of cases are premised on the duty of owners and occupiers of land to keep the premises safe for visitors.  See Ga. Code Ann. § 51-3-1.  The Georgia Supreme Court has explained that "the fundamental basis for an owner or occupier's liability" is "that party's superior knowledge of the hazard encountered by the plaintiff."  Robinson v. Kroger Co., 493 S.E.2d 403, 405 (Ga. 1997).  That is where the equal-or-superior-knowledge rule comes from.  The latter variety of cases, in which an employee's negligence is attributable to an employer and landowner because of the employment relationship, arises from the legal doctrine of respondeat superior.  This doctrine is codified in a different provision of the Georgia Code, which provides that "[e]very person shall be liable for torts committed by his wife, his child, or his servant by his command or in the

8

prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." Ga. Code Ann. § 51-2-2.

A particularly clear explication of the distinction is provided by the Georgia Supreme Court's decision in Lipham v. Federated Department Stores, Inc., 440 S.E.2d 193 (Ga. 1994). The plaintiff, Lipham, had joined a crowd gathered in a parking lot outside a shopping mall to watch a group of people "running and playing games." Id. at 194. She was standing behind an employee of a store called Rich's, which was participating in the event, when the employee "turned around quickly and unintentionally knocked Lipham to the ground, causing injury to her." Id. She sued the store for negligence. The Georgia Supreme Court explained that a landowner owes a duty to those who enter the premises, a duty that varies depending on whether the individual is an invitee, licensee, or trespasser. Id. "[T]his duty pertains to the condition of the premises and is imposed because the landowner has control over the property and is thus able to act in order to protect others from conditions on the property which might cause harm." Id. But this case did not involve that duty as a landowner, because the injury did not relate to "a condition of the premises over which Rich's could have exercised some degree of control or of which Rich's could have warned; instead, the claims pertain[ed] to an act of active negligence on the part of a Rich's employee." Id. (footnote omitted). On these facts, the court reasoned, "liability for [the employee's] failure to exercise

9

ordinary care and not to subject others to an unreasonable risk of harm is based only on the nature of his negligent act and is not affected by Lipham's status with respect to the premises." Id.

The court further highlighted the anomaly of saying "that an employee of Rich's would be responsible for acts of negligence occurring off the Rich's premises but not responsible for acts of negligence occurring on the premises because the person harmed is not an invitee." Id. at 194–95. Echoing the facts of this case, the court went on:

> Such an argument makes no more sense than maintaining that Rich's, which would be responsible if an individual were negligently run over by one of its trucks on the interstate, would escape liability for injuries to an individual who was negligently hit by one of its trucks in its own parking lot.

Id. at 195. The Georgia Supreme Court therefore reversed the lower court's grant of summary judgment to the defendant, which was based on a premises-liability analysis. Id.

It is abundantly clear that Newcomb's claim falls on the same side of the divide. In relevant part, Newcomb's complaint alleged that "[Smalls] was negligent in failing to maintain a proper lookout for Plaintiff Michael Newcomb, and by driving his forklift in a reckless manner, and by driving the forklift forward with an obstructed view rather than in reverse, which is industry standard and custom," and that "Spring Creek Cooler, Inc. is responsible for the conduct of

10

Defendant [Smalls] under the doctrine of respondeat superior, agency or apparent agency." Newcomb has clearly claimed that Spring Creek's employee committed active negligence, not that there was a preexisting hazard or passive condition on the premises that Spring Creek failed to remedy.

To be sure, Newcomb has also alleged that Spring Creek breached a duty as a landowner and occupier, but that does not mean that his claim must be analyzed solely under that discrete body of tort law. In Byrom v. Douglas Hospital Inc., a case in which the Georgia Court of Appeals reversed the trial court for "applying the equal or superior knowledge analysis," the court noted that it was "bound by the substance, not nomenclature, of claims," and it "construe[d] pleadings to bring about substantial justice." Byrom, 792 S.E.2d at 408, 409 n.2. We do not even have to go that far, since Newcomb unambiguously made respondeat superior allegations in his complaint and offered the corresponding legal arguments in support. It would be anomalous indeed to conclude that Spring Creek would be liable if the accident had taken place anywhere else, but because the accident took place on its property the claim is barred by Newcomb's equal or superior knowledge.

To remove any doubt, the Georgia Court of Appeals has held that a negligence claim arising out of a forklift injury was not a premises liability claim. In Murphy v. Blue Bird Body Co., 429 S.E.2d 530 (Ga. Ct. App. 1993), the

11

plaintiff had been hired by a contractor to repair a fan at the defendant's plant. Id. at 531. To allow the plaintiff to access the fan, the contractor lifted him in a basket using a forklift. Id. at 532. For reasons that were unclear, the basket fell from the forklift while the plaintiff was working on the fan and he was injured by the fall. Id. The court held that the plaintiff could not bring a premises liability claim against the owner of the plant, because there was no evidence "that the premises were unsafe." Id. at 534. His contention was that the forklift "was allegedly unsafe or used in an unsafe manner," and that forklift "was not a part of the premises or a fixture thereto." Id. Because his injuries were not caused by some condition found on the premises (like a concealed hole in the ground), the plaintiff could not prevail on a premises liability theory.

We think that this case is not fundamentally a premises liability case either. "Simply stated, the duty concerning a condition of the premises is distinct from a breach of duty that constitutes active negligence." Byrom, 792 S.E.2d at 408. An owner or occupier of land can breach either duty (or both) with respect to a visitor. Here, Newcomb alleged that an employee of the landowner negligently ran into him while driving a forklift, thereby breaching a duty of care owed to him. He argues, persuasively, that this constituted active negligence and the landowner is liable for the employee's actions under respondeat superior. This is not a premises liability claim. A claim does not necessarily fall under the rubric of premises

liability simply because it involves a plaintiff suing the owner or occupier of the land where the injury occurred.

To prevail on the negligence claim, then, Newcomb need only establish that Smalls committed a tort against him while "acting within the scope of his employment and on the business of" Spring Creek.  See Allen Kane's Major Dodge, Inc. v. Barnes, 257 S.E.2d 186, 188 (Ga. 1979); Ga. Code Ann. § 51-2-2. He is not required to prove anything about Spring Creek's knowledge of the hazard created by Smalls' operation of the forklift.  The district court, therefore, erred in granting summary judgment on the basis that Newcomb had equal or superior knowledge of the hazard.

### III.

Viewing this as an active negligence case, we think it is clear that Spring Creek is not entitled to summary judgment on an assumption-of-risk defense either.[2]  Assumption of risk is an affirmative defense to liability for negligence

---

[2] The district court's order is ambiguous as to whether it held that Spring Creek was entitled to judgment on this ground.  After reciting the rule that assumption of risk is an affirmative defense, the court concluded this way:

> Mr. Newcomb had as much, if not more, knowledge than Spring Creek and voluntarily remained in the path of the forklift.  Mr. Newcomb, therefore, assumed the risk and dangers incident to the known condition -- being struck by the forklift being driven towards him by a driver with an obstructed view.  Accordingly, because a plaintiff cannot recover in a premises liability suit unless the defendant had superior knowledge of the hazard, the defendant is entitled to summary judgment if there is no evidence that it had superior knowledge or the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant.

13

under Georgia law.  "The general rule is that where one voluntarily and knowingly

takes a risk involving imminent danger he is precluded from recovery by reason of

another's negligence."  York v. Winn-Dixie Atlanta, Inc., 459 S.E.2d 470, 471

(Ga. Ct. App. 1995) (quoting Gen. Tel. Co. of Se. v. Hiers, 345 S.E.2d 652, 654

(Ga. Ct. App. 1986)).  Georgia's courts have explained the doctrine this way:

> The defense of assumption of risk requires: (1) that the plaintiff had some actual knowledge of the danger; (2) that he understood and appreciated the risk therefrom, and (3) that he voluntarily exposed himself to such risk.  Stated another way:  The doctrine of the assumption of the risk of danger applies only where the plaintiff, with a full appreciation of the danger involved and without restriction from his freedom of choice either by the circumstances or by coercion, deliberately chooses an obviously perilous course of conduct so that it can be said as a matter of law he has assumed all risk of injury.

Id.  "In its simplest and primary sense, assumption of risk means that the plaintiff,

in advance, has given his consent to relieve the defendant of an obligation of

conduct toward him, and to take his chances of injury from a known risk arising

from what the defendant is to do or leave undone."  Little Rapids Corp. v.

---

(citations and quotation marks omitted and alterations adopted).  It is unclear whether the decision was based on Newcomb's equal-or-superior knowledge, his assumption of the risk, or both.  This matters because the two concepts come in at a different part of the analysis -- only a premises liability plaintiff is required to prove the defendant's superior knowledge as an element of the claim under Georgia law, whereas assumption of risk is a defense to a premises claim or an ordinary negligence claim.  See Norman v. Jones Lang Lasalle Ams., Inc., 627 S.E.2d 382, 385 (Ga. App. 2006) (explaining that a premises liability plaintiff "must present some evidence demonstrating that (1) the defendants had actual or constructive knowledge of the hazard and (2) she lacked knowledge of the hazard despite her exercise of ordinary care and that her lack of knowledge was due to conditions within the defendants' control").

McCamy, 460 S.E.2d 800, 803 (Ga. Ct. App. 1995).  "An act of contributory negligence or an error in judgment is not necessarily an assumption of risk, and the rule does not extend to assuming the risk of the negligent act of another."  Owens-Illinois, Inc. v. Bryson, 225 S.E.2d 475, 477 (Ga. Ct. App. 1976) (citations omitted); see also Thomas v. Shaw, 124 S.E.2d 396, 397 (Ga. 1962) ("[G]olf players assume the risk of dangers ordinarily incident to the game, yet that rule does not apply or extend to a negligent act of a fellow-player . . . .").  Assumption of risk is a jury question "[e]xcept in plain, palpable and undisputed cases where reasonable minds cannot differ as to the conclusions to be reached."  Wade v. Mitchell, 424 S.E.2d 810, 813 (Ga. Ct. App. 1992).

At this stage in the proceedings -- viewing the facts in a light most favorable to Newcomb and drawing all inferences in his favor -- we cannot conclude that Newcomb "voluntarily exposed himself" to the risk of being injured by the forklift or that he made a deliberate choice to pursue "an obviously perilous course of conduct" with "a full appreciation of the danger involved."  York, 459 S.E.2d at 471.  Importantly, Newcomb claimed that he was injured as a result of the negligent acts of the forklift operator; under Georgia law, one cannot "assum[e] the risk of the negligent act of another."  Owens-Illinois, 225 S.E.2d at 477.  This is not the rare case where reasonable minds cannot differ as to whether the plaintiff

15

assumed the risk, so Spring Creek is not entitled to summary judgment on this ground.

Newcomb, by all accounts, was standing in the same general position on the loading dock that he occupied previously when the forklift driver safely transported the corn to the truck. Standing there might not have been a wise or judicious decision, but that does not mean that it was an assumption of risk. Georgia courts have cited an example provided by Prosser and Keeton to drive home this point:

> [I]t is not true that in any case where the plaintiff voluntarily encounters a known danger he necessarily consents to any future negligence of the defendant. A pedestrian who walks across the street in the middle of a block, through a stream of traffic travelling at excessive speed, cannot by any stretch of the imagination be found to consent that the drivers shall not use care to watch for him and avoid running him down. On the contrary, he is insisting that they shall. This is contributory negligence pure and simple; it is not assumption of risk . . . . [T]he plaintiff has exposed himself to the risk of future harm, but he has not consented to relieve the defendant of any future duty to act with reasonable care . . . .

Little Rapids Corp., 460 S.E.2d at 803 (quoting W. Page Keeton et al., Prosser and Keeton on Torts § 68, at 485 (5th ed. 1984)). Like the jaywalking pedestrian, there is not the slightest shred of evidence that Newcomb consented to the forklift driver no longer exercising due care to avoid striking him. He remained outside the path taken by Smalls on each of the other runs that he had observed, and it was only an unexpected deviation by Smalls that resulted in Newcomb's injury on the fifth

attempt. By standing on the loading dock, Newcomb exposed himself to some risk of harm -- and he may have acted negligently himself -- but we do not think that he assumed the risk of the injury, at least on the summary judgment record before us.

King v. Anglin, 535 S.E.2d 535 (Ga. Ct. App. 2000), provides a close factual analogy. There, the plaintiff, King, was injured while helping the defendant, Anglin, load manure into a van that belonged to the defendant's employer after Anglin had allegedly consumed some amount of alcohol. Id. at 536. Several times, they loaded the van together and Anglin drove the van away, dumped the manure, and returned. Id. The last time they loaded the van, Anglin said he was going to move the vehicle, and this time he drove in reverse toward King -- not forward, as he did each previous time -- striking him and leaving him with a fractured spine. Id. Anglin argued assumption of risk, on the ground that "King stood behind the van in the tightly confined area of the run-in shed despite knowing that Anglin was under the influence of alcohol." Id. The court concluded that "there [was] no evidence that King knew that the van would be driven backward toward him or that he consented to relieve Anglin of a duty to exercise ordinary care in driving the van," and "[w]ithout such evidence, a charge on assumption of the risk was not proper." Id.

In the instant case, there is no evidence that Newcomb knew that the forklift would be driven toward him before he was struck, and it is not at all clear that he

17

consented to relieve the forklift operator of his duty of ordinary care.  Newcomb stood where he stood after seeing that Smalls had not driven the forklift over that part of the loading dock when he was loading the trailer, which we cannot say was a deliberate choice to pursue an obviously perilous course of conduct.  On this summary judgment record, it does not appear that Newcomb decided "to take his chances of injury from a known risk arising from what the defendant [was] to do," as Spring Creek suggests.  Id.

The facts viewed in the light most favorable to Newcomb "do not measure up to a classic case of assumption of the risk such as trying to beat a rapidly approaching train across the crossing or participating in a drag race."  Little Rapids Corp., 460 S.E.2d at 803 (quoting Kitchens v. Winter Co. Builders, 289 S.E.2d 807, 809 (Ga. Ct. App. 1982)); see also Teems v. Bates, 684 S.E.2d 662, 666 (Ga. Ct. App. 2009) (approving a jury instruction on assumption of risk in a case involving injuries from "car surfing," i.e., standing on the roof of a moving car); Preston v. Sabetazm, 604 S.E.2d 224, 227 (Ga. Ct. App. 2004) ("[A]ssumption of the risk is a defense to a claim of injury arising from knowing participation in a race on a public road.").  Spring Creek is not entitled to summary judgment on the basis of the assumption of risk defense.

The long and short of it is that the district court improvidently granted summary judgment to Spring Creek.  Material issues of fact are in dispute and

Newcomb is entitled to have them resolved by a jury.  Accordingly, the district court's order of final summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**