[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13470

Non-Argument Calendar

_____

VALERIE STRODE,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,
n.k.a. Walmart, Inc.,
n.k.a. Wal-Mart Stores East, LP,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:19-cv-00669-JLB-NPM

————————————

Before WILLIAM PRYOR, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Valerie Strode appeals the summary judgment in favor of Wal-Mart Stores, Inc. The district court ruled that Strode failed to prove that Walmart had constructive notice of a liquid on its floor that caused Strode to slip and fall, which served as the basis for her negligence claim against Walmart. *See* Fla. Stat. § 768.0755(1). We affirm.

One evening, Strode and her adult son visited a Walmart store in Fort Myers, Florida, where she regularly shopped. As Strode's son pushed a grocery cart through a main aisle containing large product displays and pallets of goods, Strode slid on one foot and fell. According to Strode, the area had been free of substances during her past visits, it was not raining that day, and neither she nor her son noticed anything on the floor before she fell. Strode's son located a Walmart associate, and after he helped his mother stand up, the two of them observed a small amount of "orange-ish" liquid on the floor that had smeared "about a foot." The liquid

contained track marks consistent with and debris transferred from Strode's flip-flop.

Although a product display blocked a view of Strode's fall, video footage from two surveillance cameras recorded a Walmart stockboy working in the main aisle up to 16 seconds before Strode's fall. The stockboy moved pallets of goods and restocked shelves.

The surveillance cameras also recorded customers shopping in the main aisle without incident. One customer pushed his shopping cart through the area 11 seconds before Strode arrived. A still image of the customer was blurred but showed an object lying in the child seat of the cart.

Strode filed in a Florida court a complaint against Walmart, which removed the action to federal court based on diversity of citizenship. *See* 28 U.S.C. § 1332. Strode complained that Walmart breached its "duty to maintain [its] premises in a reasonably safe condition" "and caused [her] to fall as the result of [a] slippery liquid substance on the floor."

During discovery, Franklin Oliver, a corporate representative for Walmart, and Strode's son, who Walmart hired as an employee after his mother's accident, testified that company employees are trained to inspect store floors constantly and are required if they see a liquid on the floor to wipe it up or have maintenance clean it up. Strode's son testified that employees are trained "to be as vigilant as possible."

Walmart moved for summary judgment based on Strode's failure to produce evidence that it knew liquid was on its floor. *See* Fla. Stat. § 768.0755(1). The company argued that Strode failed to identify "what type of liquid [caused her fall], the source of the liquid, or how long it had been there" or "to produce any evidence that establishe[d] the length of time the alleged liquid was on the floor" or "that would support an inference that the liquid was present for any substantial amount of time to charge Walmart with constructive notice."

The district court entered summary judgment in favor of Walmart. The district court ruled that Strode failed to create a "genuine issue of material fact as to Walmart's constructive knowledge about the presence of a liquid on the floor where she slipped." After reviewing deposition testimony and the surveillance video recording, the district court found that Walmart "employees working in the area had not inspected the floor before Ms. Strode's accident." "But [the district court ruled that] evidence of Walmart's employees' mere failure to conduct an inspection, without more, [did] not carry the day" because "there [was] no evidence that whatever liquid Ms. Strode claimed to have slipped on was on the floor long enough to establish constructive notice . . . ." The district court rejected Strode's argument that the stockboy overlooked liquid on the floor. Based on the presence of the customer with an object in the baby seat moments before Strode's fall and her description of the liquid as marred solely by her, the district court determined that no jury could "reasonably infer that liquid

was on the floor for a sufficient length of time to establish Walmart's constructive knowledge of the liquid."

We review *de novo* a summary judgment. *Newcomb v. Spring Creek Cooler Inc.*, 926 F.3d 709, 713 (11th Cir. 2019). "We must view all of the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Id.* Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under Florida law, which the parties agree applies, "[a] property owner owes an invitee a duty to use reasonable care in maintaining the property in a reasonably safe condition." *Khorran v. Harbor Freight Tools USA, Inc.*, 251 So. 3d 962, 965 (Fla. Dist. Ct. App. 2018) (internal quotation marks omitted). A business is not liable for a foreign substance that causes a customer to slip and fall "based solely on [its] general failure to maintain the premises." *N. Lauderdale Supermkt., Inc. v. Puentes*, 332 So. 3d 526, 530 (Fla. Dist. Ct. App. 2021). The injured customer must "prove that the business establishment had actual or constructive notice of the dangerous condition before liability may be found." *Id.* In Florida, a statute governs the duty of a business to its customers to prevent slips and falls:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had

actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:

(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

(b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755.

Strode produced no evidence that the liquid remained on the floor "for such a length of time that . . . [Walmart] should have known" of its existence. *See id.* Strode maintains that a juror could infer that, before her fall as the Walmart stockboy worked in the aisle, at least two shoppers walked through and "could [have] . . . caused a spill" that the stockboy "should have discovered." But "[a]n inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that is known to exist." *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) (cited in *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). Strode's "[s]peculation [about the presence of the liquid] does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v. Dillard's, Inc.*, 419 F.3d

21-13470               Opinion of the Court                        7

1169, 1181 (11th Cir. 2005) (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir. 1995)).

Strode argues that Oliver testified the stockboy "should have seen the liquid given the significant amount of time he spent in" the aisle, but Strode misrepresents Oliver's testimony. Oliver affirmed that "if [Walmart employees] cause a liquid [to] spill or anything like that they should immediately clean it up." And when asked if an "associate was in the same area as [where] Miss Strode fell and if there was liquid on the floor that was his responsibility to see it and clean it up," Oliver responded that, "If it was on the floor, yes, and if he saw it, yes, it was his responsibility to clean it up or get someone or get maintenance to clean it up." Oliver also responded "Yes" when asked, "Was the Wal-Mart associate stocker in the area where Miss Strode fell for a significant amount of time so if he was looking he should have seen the liquid on the floor if it was there." As the district court stated, all of Strode's questions "assume[d] the liquid was on the floor before [the stockboy] left the area, not after." Oliver conceded no wrongdoing by Walmart.

We are unpersuaded by Strode's argument that the customer who immediately preceded her through the aisle caused her fall. Strode argues that the customer "did not have anything in his cart to spill" or "contact anything that could have caused a spill." But still images from the video show an object in the child seat of the customer's cart. Strode also argues that, had the customer been the source of the liquid, he would have left "an extended trail," but

it is just as likely that any liquid from his cart could have left a single drop.

The district court did not err. It correctly disregarded Strode's alleged "inference [that the liquid was on the aisle floor long enough for the stockboy to notice as] based on speculation and conjecture [and] [a]s not reasonable." *Ave. CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013). And, in the words of the district court, "what little evidence . . . [existed] suggest[ed] . . . the liquid was not on the floor for very long." Strode and her son testified they "didn't notice anything" on the floor before her fall and that the amount of liquid involved was "small." And both mother and son testified that the liquid had smeared when she fell and that the liquid was contaminated only with the debris deposited by her flip-flop. *See Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 129 (Fla. Dist. Ct. App. 2020) (concluding that, when liquid that caused customer to slip and fall had "no wheel tracks," "[t]his hardly establishes that the dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have been known to the defendant."). Because no evidence suggested that the liquid that caused Strode's fall was on the ground long enough to impute constructive knowledge to Walmart, it was entitled to summary judgment.

We **AFFIRM** the summary judgment in favor of Walmart.