[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12713

Non-Argument Calendar

_____

4539 PINETREE LLC,

Plaintiff-Appellant,

*versus*

CERTAIN UNDERWRITERS AT LLOYD'S LONDON,
Subscribing to policy B1180D160620/100NC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-22901-JEM

_____

Before BRANCH, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant 4539 Pinetree L.L.C. ("Pinetree") appeals from the district court's order granting summary judgment to Appellee Certain Underwriters at Lloyd's London ("Underwriters") on Pinetree's breach of contract action. Pinetree argues that the district court erred in striking its two experts' testimony and in granting summary judgment to Underwriters. Having read the parties' briefs and reviewed the record, we affirm the district court's order granting summary judgment to Underwriters.

## I.

We review *de novo* a district court's grant of summary judgment. *Newcomb v. Spring Creek Cooler, Inc.*, 926 F.3d 709, 713 (11th Cir. 2019).

We review a district court's ruling on motions to strike an expert's testimony for abuse of discretion. *See Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1339-40 (11th Cir. 2003).

## II.

Pinetree sued Underwriters under its policy, seeking to have Underwriters indemnify Pinetree for damages to its property caused by Hurricane Irma, which made landfall on September 10, 2017. The insurance policy ("policy") was in effect from October 14, 2016, to October 14, 2017 (Policy Number B1180D160620/100NC), and provided all risk coverage for the

home located at 4539 Pine Tree Drive, Miami Beach, Florida, 32140. Pursuant to the policy, coverage was available for direct physical loss of damage to the property during the policy period. The policy included a $100,000 windstorm deductible, and in the event of a covered loss, Underwriters would pay no more than the actual cash value of the damage until repair or replacement was completed.

The policy imposed certain duties upon the insured following a loss, such as providing Underwriters, upon request, with records and documents and submitting to an examination under oath. After Hurricane Irma, Pinetree submitted a claim for damages, and Underwriters responded via letter advising Pinetree that the damages were below the $100,000 deductible. Pinetree disputed the contents of the letter and claimed that Underwriters denied the coverage in totality. Over one year later, Pinetree's public adjuster submitted a supplemental claim to Underwriters in the amount of $618,405.54. In response, Underwriters requested additional documentation and on three occasions requested that Pinetree's representative submit to an examination under oath. Due to Pinetree's lack of response, Underwriters presumed Pinetree was not pursuing its claim. Pinetree subsequently filed its breach of contract action against Underwriters.

**III.**

A. Expert Witness John Micali

4                    Opinion of the Court                  24-12713

Pinetree contends that the district court erred in excluding the testimony of their causation expert, John Micali, based on its determination that Micali's methodology was flawed. Pinetree argues that the district court should have applied the more flexible analysis set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 598 U.S. 579, 113 S. Ct. 2786 (1993).

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony and states, in part, that an expert witness may testify to its opinion if the testimony "will help the trier of fact to understand the evidence or determine a fact in issue"; "the testimony is based on sufficient facts or data"; "the testimony is the product of reliable principles and methods"; and the opinion "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. In addition, our court has set forth three requirements that an expert must meet in order that his opinions may be admitted. *Hughes v. Kia Motors Corp.*, 766 F.3d 1317, 1329 (11th Cir. 2014). "First, the expert must be qualified on the matter about which he intends to testify." *Id.* The expert must also "employ reliable methodology." *Id.* Third, the expert's testimony must assist the trier of fact "through the application of expertise to understand the evidence or fact in issue." *Id.*

Underwriters does not dispute Micali's qualifications; rather, it contends that Micali's testimony is unreliable. Specifically, Underwriters claims that Micali performed a visual inspection of the property approximately sixteen months after the alleged date of loss with no evidence of the condition of the property prior to the

storm.  Micali stated that he did not perform a calculation to determine the wind speeds necessary to remove roof tiles, as alleged by Pinetree, and he stated that he had no evidence of the roof's condition prior to the storm except for a satellite photo of the property that did not visibly show roof damage.  When asked how he determined that the roof was damaged by Hurricane Irma and not another storm, Micali stated that he made this determination because he did not have any evidence that the damage preexisted the hurricane. Based on this testimony, the district court granted Underwriters' motion to strike the testimony because it was not based on sufficient data or facts and was unreliable.

The record demonstrates that the district court did not abuse its discretion in striking Micali's testimony.  The district court, in its role as gatekeeper, must exclude expert testimony that does not satisfy the requirements outlined in Rule 702 and *Daubert*.  Although the *Daubert* inquiry is a flexible one, the district court's focus "must be on principles and methodology, not on conclusions that they generate." *Daubert*, 509 U.S. at 594-95, 113 S. Ct. at 2797. *See also McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004) (recognizing that a trial judge "should meticulously focus on the expert's principles and methodology").  The district court properly concluded that Micali's methodology was unreliable, and his testimony provided nothing more than speculation and conclusory assumptions.  The district court also properly concluded that Micali's opinion would not be helpful to a trier of fact because he could not show that the damages to the property's roof occurred by covered perils during the hurricane.  These findings are well within the

district court's discretion, and Pinetree has failed to show that this finding was manifestly erroneous. *Quiet Tech.*, 326 F.3d at 1340.

Because we give the district court's decision deference unless its decision was manifestly erroneous and because Pinetree cannot make the necessary showing for us to conclude that the district court abused its discretion in striking Micali's testimony, we affirm as to this issue. *See Quiet Tech.*, 326 F.3d at 1340.

### B.  Expert Witness Rami Boaziz

Pinetree argues that the district court abused its discretion in excluding the testimony of expert witness Rami Boaziz, the public adjuster assigned to the claim. Pinetree did not disclose Boaziz as an expert because it submitted the testimony as a rebuttal to Underwriters' motion for summary judgment. Pinetree also claims that the delay in classifying Boaziz as an expert is justified under the circumstances because Boaziz's relevance to the case was known to Underwriters before the initial lawsuit and there was ample time to conduct discovery related to him. Pinetree also argues that the district court could have employed a less harsh alternative to striking the testimony and that Underwriters would not have been prejudiced by admission of Boaziz's testimony.

The record demonstrates that the district court did not abuse its discretion in excluding the testimony of Rami Boaziz. Under Rule 37(c)(1), a party who "fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified

or is harmless." Fed. R. Civ. P. 37(c)(1). Under the Rule, "a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or is harmless." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008) (alterations omitted).

As the district court found, there is no dispute that Pinetree failed to disclose Boaziz in accordance with the Federal Rules of Civil Procedure and the district court's scheduling order. Pinetree did not disclose Boaziz until after the close of discovery and after Underwriters filed its motion for summary judgment. Pinetree's initial expert on damages failed to appear for his properly noticed and subpoenaed deposition. Pinetree then attempted to move Boaziz from a fact witness to an expert witness at the last minute. This reason does not substantially justify Pinetree's failure to comply with the required disclosure. Moreover, as the district court found, Underwriters would have been prejudiced by the late admission of Boaziz's expert testimony. Underwriters had filed its motion for summary judgment and had not deposed Boaziz, was unaware of his potential testimony as to damages, and Pinetree had not provided an expert report for him. *See OFS Fitel, LLC*, 549 F.3d at 1361 (disclosure of expert testimony within Rule 26 contemplates a written report).

Based on the record, we conclude that Pinetree failed to meet its burden of demonstrating either an adequate justification for the failure to comply with Rule 26 or a lack of harm to

Underwriters.  Thus, we affirm the district court's order striking Boazis's expert testimony.

### C.  Motion for Summary Judgment

Pinetree's burden of proof relied on the expert witnesses' testimony.  Based on the record, we conclude that the district court did not abuse its discretion in striking Pinetree's expert testimony, and thus, the district court properly granted summary judgment to Underwriters.  "[A]n insured claiming under an all-risks policy has the burden of proving that the insured property suffered a loss while the policy was in effect." *Jones v. Federated Nat'l Ins. Co.*, 235 So. 3d 936, 941 (Fla. Dist. Ct. App. 2018) (quotation marks omitted); *Peek v. American Integrity Ins. Co. of Florida*, 181 So. 3d 508, 510-11 (Fla. Dist. Ct. App. 2015) (insureds must produce a qualified expert witness to testify as to what caused direct physical damage to property during the policy period).  Pinetree has no admissible expert testimony to meet its burden of proof in this case.  Thus, the district court properly granted summary judgment to Underwriters.

Accordingly, based on the aforementioned reasons, we affirm the district court's order striking Pinetree's experts' testimony and granting summary judgment to Underwriters on Pinetree's breach of contract claim.

**AFFIRMED.**